

/1393 A

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. N. Carter
County Attorney
Mitchell County
Colorado, Texas

Dear Sir:

Opinion No. 0-1393-Supplement
Re: Opinion No. 0-1393 does
not include and is not to
be construed as covering
liens or instruments filed
as provided in Article
6644, Revised Civil Stat-
utes, 1925, in favor of
the United States or of
any department or bureau
thereof.

We respectfully refer you to our Opinion No.
0-1393, rendered to you by this department, approved Octo-
ber 20, 1939, pertaining to the payment of filing and re-
cording fees under our general laws covering instruments
in favor of agencies or instrumentalities of the Federal
government. The opinion holds as follows:

"... Such instruments authorized under
Article 6627, Revised Civil Statutes, 1925, and
presented to the County Clerk for filing and re-
cording by agencies or instrumentalities of the
Federal Government, are not exempt from the pay-
ment of legal fees, authorized to be charged by
the Clerk under the provisions of Article 3930,
Revised Civil Statutes, 1925, such fees not be-
ing a tax upon the Federal Government."

The attention of this department has been called
to an interpretation of this opinion as including and cover-
ing such instruments inuring to the benefit of the United
States, or any department or bureau thereof, as provided un-
der the provisions of Article 6644, Revised Civil Statutes,
1925. This Article was not considered in the opinion as
written, but in view of the misinterpretation of the opin-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. N. Carter, Page 2


ion as covering said Federal lien record statute, not in-
tended by this department, we feel it necessary to supple-
ment our opinion as formerly written and clarify same with
reference to this statute.

Article 6644 provides:

"The county clerk of each county is author-
ized to, and shall either file, or file and record,
as is or may be provided by the laws of the United
States, every notice, abstract or statement of any
lien or claim, or release or discharge thereof in
favor of the United States or of any department or
bureau thereof, when any such notice, abstract or
statement prepared in conformity to the laws of
the United States, is presented to him for filing
or filing and recording. The county clerk shall
number such notices, abstracts or statements, in
the order in which they are filed, and if they
are required to be recorded, he shall record them
in a well bound book to be styled, 'Federal Lien
Record', and in either case he shall index them
alphabetically under the names of the persons
named therein or affected thereby, such index to
be kept in a well bound book styled, 'Index to
Federal Liens,' and for the performance of these
services he shall not charge a fee, but shall be
compensated by the county, as provided for in Ar-
ticle 3931. His failure to file, record or in-
dex properly any such notice, abstract or state-
ment as herein required, or to be compensated
therefor, shall not affect the validity or legal-
ity of any such lien or claim, or release or dis-
charge thereof."

It will be noted that the above statute provides
that in the performance of the services mentioned therein,
the County Clerk shall not charge a fee. The express lan-
guage of the statute makes it the duty of the County Clerk
to perform the services free of charge, and the question of
compensating the County Clerk does not, in any wise, re-
lease the County Clerk from the performance of the duties
in the manner therein prescribed. In considering this
statute which provides that every notice, abstract, or
statement of any lien or claim or release or discharge
thereof in favor of the United States, or of any depart-
ment or bureau thereof, shall be filed or filed and record-
ed by the County Clerk, free of charge, a distinction is to
be drawn between those instruments and ones inuring to the

benefit of mere agencies and instrumentalities of the Federal Government, such as Home Owners' Loan Corporation, Federal Savings and Loan Associations, Federal Land Banks, and National Banks.

You are, therefore, respectfully advised that our Opinion No. 0-1393, rendered by this department, and approved October 20, 1939, does not include or effect such notice, abstract, or statement or any lien or claim, or release or discharge thereof, in favor of the United States, or any department or bureau thereof, required to be filed or filed and recorded by the County Clerk free of charge in the "Federal Lien Record" as provided under Article 6644, Revised Civil Statutes, 1925. Opinion No. 0-1393 applies only to such instruments of agencies, or instrumentalities of the Federal Government in which such agencies or instrumentalities alone have a beneficial interest to the exclusion of the United States Government proper, any department or bureau thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Wm. J. R. King
        Assistant

WmK:FG

APPROVED JAN 11, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN